**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Rynn,<br><br>        Plaintiff,<br><br>v.<br><br>First Transit Incorporated, et al.,<br><br>        Defendants. | No. CV-21-01755-PHX-DWL<br><br>**ORDER** |

Pending before the Court are Defendant First Transit Incorporated's ("First Transit") motion to dismiss (Doc. 6) and *pro se* Plaintiff Richard Rynn's motion "seeking leave to file supplement to second amended complaint" (Doc. 13) and motion "seeking leave to file second amended complaint" (Doc. 19). For the following reasons, Defendant's motion is granted and Plaintiff's motions are denied.

**BACKGROUND**

On May 29, 2020, Rynn filed a complaint in Maricopa County Superior Court against First Transit, which First Transit removed to federal court, where the case was assigned to Judge Tuchi. *Rynn v. First Transit Incorporated et al*, 2:20-cv-01309-JJT ("the Previous Action").

Judge Tuchi summarized the background of the Previous Action as follows:

> This matter arises from [First Transit's] handling of a third party's sexual harassment allegations against Plaintiff Richard Rynn. Mr. Rynn started working for First Transit in 2016 at its Mesa location. In December 2018, he temporarily worked at the Tempe facility, where he met Shayley Matthews. While working together, Mr. Rynn told Ms. Matthews she was beautiful, commented on her Instagram page, and had other personal

conversations with her.  In February 2019, Ms. Matthews submitted an Incident Report form to First Transit complaining about these interactions. Ms. Matthews also stated that Mr. Rynn was "internet stalking" and "facebook stalk[ing]" her.

On February 26, 2019, First Transit employee, Lynn McLean, met with Mr. Rynn to inform him of Ms. Matthews's complaint.  He instructed Mr. Rynn to stay away from the Tempe facility and not speak with any of the Tempe employees.  Subsequently, Ms. Matthews informed First Transit that Mr. Rynn had subscribed to her Youtube account and attempted to contact her through Facebook. On April 19, 2019, Mr. Rynn entered the Tempe location with his daughter and provided a First Transit representative with an apology note for Ms. Matthews.  On April 30, 2019, First Transit released a confidential memo to Ms. Matthews concluding that "the investigation leads us to believe that inappropriate conduct did occur."  The next day, First Transit provided Mr. Rynn with a different confidential memo that found "your unwanted comments and remarks were inappropriate under the circumstances and provided a basis for the employee to make allegations against you."  It also instructed him to "not enter the Tempe property without the approval of upper management."

Less than two weeks later, Mr. Rynn sent Ms. Matthews flowers with a note requesting to speak or meet up in order to "resolve all unresolved issues."  In response, Ms. Matthews called the Avondale Police Department, who suggested that Ms. Matthews apply for an Injunction against Harassment ("IAH") against Mr. Rynn.  Ms. Matthews immediately applied for the IAH, which a Judge granted that day.  Additionally, both the responding Officer and Ms. Matthews contacted Mr. Rynn to inform him that Ms. Matthews did not wish to have further contact with him.

After receiving service of the IAH, Mr. Rynn moved for its dismissal.  The court held a hearing, where Ms. Matthews, Mr. Camunez, and Mr. Rynn all testified, and ultimately upheld the IAH.

One day later, on June 4, 2019, Mr. Rynn filed a hotline complaint at work, alleging that (1) he was wrongfully accused of sexual harassment; (2) Mr. Camunez provided false information at the hearing; (3) and Mr. Rynn was not informed of certain relevant information until the IAH hearing. First Transit investigated the allegations and found no violation of its polices or procedures.

Mr. Rynn subsequently filed his initial Complaint in this matter, which has since been amended. The Complaint alleges (1) Defamation, (2) False Light, and (3) Negligence.

*Rynn v. First Transit Inc.*, 2021 WL 3209665, *1-2 (D. Ariz. 2021) (citations omitted).

On July 28, 2021, Judge Tuchi resolved the parties' cross-motions for summary judgment, granting summary judgment in favor of First Transit on all claims. *Id.* at *3-5.

Judge Tuchi also denied Rynn's motion for leave to file a second amended complaint. *Id.* at *6.  Rynn sought leave to add claims "including Fraud, Malicious

Prosecution/Abuse of Process, Sexual Harassment, Age Discrimination and Punitive Damages." (Previous Action, Doc 96 at 1.) Judge Tuchi denied the motion for leave to amend because of "extreme prejudice and delay":

> Plaintiff's proposed amendments would cause substantial prejudice to Defendants. Plaintiff filed this request to add additional claims after all motions for summary judgment were fully briefed and two and half months after the close of discovery. If the Court were to grant Plaintiff's request, the case would essentially start from the beginning for the added claims. At the least, Defendant would need to respond to an amended complaint, re-take Mr. Rynn's deposition and participate in Discovery. Plaintiff does not provide any reason why the Court should subject Defendant to such prejudice. Nor does Plaintiff explain why [he] waited until the close of summary judgment to request to amend.

*Rynn*, 2021 WL 3209665 at *6.

On July 29, 2021, the Clerk entered judgment and terminated the action. (Previous Action, Doc. 117.)

On August 11, 2021, Rynn filed a motion for reconsideration, asserting that Judge Tuchi's July 28, 2021 order was "seriously false and misconstrued and not on the merits." (Previous Action, Doc. 119 at 1.) Rynn took issue with the summary judgment rulings on all claims, as well as the denial of his motion for leave to amend. Regarding the latter, Rynn stated that Judge Tuchi's denial of leave to amend "forces [Rynn] to file multiple lawsuits against defendant to claim for injuries within Federal Rules of law of age discrimination and abuse of process, etc." (*Id.* at 16.)

Although the case was already terminated, Rynn—while awaiting a ruling on his motion for reconsideration—filed, on August 16, 2021, a motion seeking leave to file a "third" amended complaint (despite never having been permitted to file a second amended complaint) (Previous Action, Doc. 121), and then filed, on August 20, 2021, a motion for leave to "file corrections to third amended complaint" (Previous Action, Doc. 122) and yet another updated version of the proposed "third" amended complaint (Previous Action, Doc. 123). On August 26, 2021, Rynn filed a renewed motion for reconsideration. (Previous Action, Doc. 127.) And on September 4, 2021, Rynn filed a motion seeking leave to file a "fourth" amended complaint. (Previous Action, Doc. 129.)

On September 23, 2021, Rynn filed a new lawsuit against First Transit (the "Present Action") in in Maricopa County Superior Court (Doc. 1-3), which First Transit removed to federal court (Doc. 1), where the case was assigned to the undersigned judge (Doc. 2). The complaint in the Present Action brings the exact claims that Rynn unsuccessfully sought leave to bring in the Previous Action: Fraud, Malicious Prosecution/Abuse of Process, Sexual Harassment, Age Discrimination, and Punitive Damages. (Doc. 1-3 at 2.)[1]

On October 22, 2021, First Transit filed the pending motion to dismiss, arguing that the claims in the Present Action are barred by the doctrine of res judicata, or, in the alternative, that the claims fail as a matter of law due to failure to exhaust administrative remedies as well as failure to state a plausible claim. (Doc. 6.)

On October 29, 2021, First Transit filed a notice of errata explaining that Rynn filed a first amended complaint ("FAC") on October 14, 2021, the day before First Transit removed this action, but that First Transit was unaware of the existence of the FAC when it removed the action and filed the motion to dismiss, as the state court did not add the filing to its docket until October 19, 2021, several days after removal, and Rynn did not mention the amendment during his correspondence with First Transit. (Doc. 9 at 1-2.) The FAC asserts the same causes of action as the original complaint. (Doc. 9-2 at 28-35.) First Transit requests that its motion to dismiss "be considered its response" to the FAC, as the FAC "is substantively very similar" to the original complaint. (Doc. 9 at 2.)

---

[1] For the sake of cohesion, the remainder of this background section focuses on developments in the Present Action. Meanwhile, the Previous Action—despite having been terminated on July 29, 2021 (Previous Action, Doc. 117)—continued to have an active docket. On October 19, 2021, Judge Tuchi denied Rynn's motions for reconsideration and motions to amend. (Previous Action, Doc. 139.) On October 29, 2021, Rynn filed yet another motion for leave to amend (Previous Action, Doc. 140.) On November 1, 2021, Rynn filed a "motion for change of judge," in which Rynn accused Judge Tuchi of violating his civil rights and concealing a personal bias warranting recusal. (Previous Action, Doc. 141.) That same day, Rynn filed a motion to set aside the judgment (Previous Action, Doc. 142), a notice of appeal (Previous Action, Doc. 143), an amended notice of appeal (Previous Action, Doc. 144), and yet another motion to amend (Previous Action, Doc. 145), this time attempting to add Judge Tuchi as a defendant (Previous Action, Doc. 145-2). On November 22, 2021, Rynn filed another motion for change of judge. (Previous Action, Doc. 153.) On December 13, 2021, Judge Tuchi denied the various motions, reiterated that the matter is closed, noted that any additional filings would be stricken from the record, and warned Rynn that any further filings would result in the termination of his electronic filing privileges in that case. (Doc. 162.)

1   On November 8, 2021, Rynn filed a response to the motion to dismiss (Doc. 12),
2   and on November 15, 2021, First Transit filed a reply (Doc. 15).
3   On November 11, 2021, Rynn filed a motion for leave to file a second amended
4   complaint in which Rynn proposes adding claims against Judge Craig Jennings of the
5   Avondale City Court and Judge Tuchi. (Doc. 13.) On November 12, 2021, Rynn filed a
6   "notice of errata," proposing additional amendments. (Doc. 14.)
7   On November 23, 2021, First Transit filed a response to the motion for leave to
8   amend. (Doc. 17.)
9   On November 24, 2021, Rynn filed a notice of errata, which inexplicably and
10  inaccurately asserts that his motion for leave to amend "was not entered on court records"
11  (Doc. 18), and a renewed motion for leave to file a second amended complaint, despite the
12  fact that First Transit had already responded to his first motion seeking this relief, which
13  was not yet resolved (or even fully briefed). (Doc. 19.) Rynn also filed another notice of
14  errata with another version of proposed amendments to the FAC. (Doc. 20.)
15  On December 6, 2021, Rynn filed a reply in support of his first motion for leave to
16  file a second amended complaint. (Doc. 21.)
17  On December 8, 2021, First Transit filed a response to Rynn's second motion for
18  leave to file a second amended complaint. (Doc. 22.)

**DISCUSSION**

20  As a preliminary matter, pursuant to First Transit's request (Doc. 9 at 2), the Court
21  construes the motion to dismiss (Doc. 6) as First Transit's response to the FAC.
22  First Transit argues that Plaintiff's claims are barred by the doctrine of res judicata.
23  (Doc. 6 at 6-11.) "Res judicata, also known as claim preclusion, bars litigation in a
24  subsequent action of any claims that were raised or could have been raised in the prior
25  action." *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997). "In order
26  for res judicata to apply there must be: 1) an identity of claims, 2) a final judgment on the
27  merits, and 3) identity or privity between parties." *Id.*
28  When evaluating the first element—identity of claims—courts look to the following

four considerations: "(1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions." *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005). Courts do not apply these criteria "mechanistically." *Id.*

The Ninth Circuit uses "a transaction test to determine whether the two suits share a common nucleus of operative fact." *Id.* "Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *Id.*

The Present Action—like the Previous Action—arises from First Transit's handling of Shayley Matthews's sexual harassment allegations against Rynn. (Doc. 9-2.) The FAC alleges that First Transit "wrongly authorized" its employees "to falsely accuse Plaintiff of contacts between May 13, 2019 and June 3, 2019," leading to "Avondale court Case No. PO2019000235" (*id.* at 4)—the IAH proceeding that featured so prominently in the Previous Action. (Previous Action, Doc. 41 ¶ 82.) Indeed, much of the language of the complaint in the Present Action appears verbatim in proposed amended complaints in the Previous Action. (*See, e.g.*, Previous Action, Doc. 140-2 ¶ 6 [alleging that First Transit "wrongly authorized" its employees "to falsely accuse Plaintiff of contacts between May 13, 2019 and June 3, 2019," leading to "Avondale court Case No. PO2019000235"].) The claims all hinge on First Transit's alleged involvement in Ms. Matthews's IAH proceeding in the Avondale Court, and they are identical to the claims Rynn sought leave to add via amendment in the Previous Action. (*Compare* Present Action, Doc. 9-2 ¶¶ 112-162 *with* Previous Action, Doc. 140-2 ¶¶ 146-184.) The Court has no trouble concluding that there is a common nucleus of operative fact between the Previous Action and the Present Action.

Although "examination of the latter three criteria does not yield a clear outcome," the Ninth Circuit has "often held the common nucleus criterion to be outcome determinative under the first res judicata element." *Mpoyo*, 430 F.3d at 988. "The first

criterion controls and assures the two suits involve the same claim or cause of action." *Id.* "It is also appropriate to weight more heavily the common nucleus of operative fact criterion here where denial of leave to amend was based on unjustified untimeliness on the part of the plaintiff that would cause unfair prejudice to the defendant." *Id.* Thus, the two lawsuits share an identity of claims.

The second element of the res judicata test asks whether the earlier lawsuit "reached a final judgment on the merits." *Id.* at 987 (quotation omitted). It did. "The second res judicata element is satisfied by a summary judgment dismissal which is considered a decision on the merits for res judicata purposes." *Id.* at 988. It is irrelevant that Rynn is currently pursuing an appeal in the Previous Action. *Eichman v. Fotomat Corp.*, 759 F.2d 1434, 1439 (9th Cir. 1985) ("The federal rule on the preclusive effect of a judgment from which an appeal has been taken is that the pendency of an appeal does not suspend the operation of an otherwise final judgment for purposes of res judicata.").

The final element of the res judicata test asks whether the earlier lawsuit "involved identical parties or privies." *Id.* at 987 (quotation omitted). This element is satisfied here, too—the parties in the two lawsuits are identical.

For these reasons, the claims in the Present Action are barred by the doctrine of res judicata.

Rynn's motions to amend the FAC (Docs. 13 and 19) are denied because amendment would be futile. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) ("A district court does not err in denying leave to amend where the amendment would be futile, . . . or where the amended complaint would be subject to dismissal."). None of the various proposed amended complaints Rynn has filed can "overcome the fundamental futility of the claims." *Id. Cf. Sibley v. Lando*, 437 F.3d 1067, 1074 (11th Cir. 2005) ("[T]o the extent Sibley sought to amend his complaint to clarify that he wished to sue Judges Schwartz and Goderich in their individual capacities, such an amendment would also be futile, as both judges were entitled to judicial immunity from suit in their individual capacities. Thus, the district court did not abuse its discretion in declining to permit Sibley

to amend his complaint because that amendment, as well as the other requested actions, would be futile.") (citation omitted). Furthermore, leave to amend would prejudice First Transit and create more untenable delay. *Rynn*, 2021 WL 3209665 at *6.

For these reasons, the Present Action is dismissed without leave to amend and shall be terminated. As a final matter, the Court notes that in the Previous Action, Rynn filed numerous post-judgment motions, including multiple motions for reconsideration. Motions for reconsideration are disfavored and are denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv. 7.2(g). Reconsideration is an "extraordinary remedy" that is available only in "highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000) (citations omitted). Rynn may file one—and only one—motion for reconsideration of this order, if—and only if—he can meet this high standard. Rynn shall not file any motions to amend or any other kind of motion.

Accordingly,

**IT IS ORDERED** that First Transit's motion to dismiss (Doc. 6) is **granted**. The above-captioned action is dismissed on res judicata grounds without leave to amend. The Clerk of Court shall enter judgment and terminate this action.

**IT IS FURTHER ORDERED** that Rynn's motions for leave to amend (Docs. 13, 19) are **denied**.

Dated this 21st day of December, 2021.

Dominic W. Lanza
United States District Judge